66 F.Supp.2d 47 (1999)
APPLICATION OF A.H. BELO CORPORATION, Applicant.
United States of America
v.
Henry G. Cisneros, et al.
No. 99-CR-485-SS. Misc. No. 99CV217.
United States District Court, District of Columbia.
September 21, 1999.
*48 Mark Henry Lynch, Covington & Burling, Washington, DC, for A.H. Belo Corp.
Brendan Vincent Sullivan, Jr., Barry Steven Simon, Williams & Connolly, Washington, DC, Marcie Robin Ziegler, Washington, DC, for Henry G. Cisneros, defendants.
Matthew Stuart Rosengart, Mark Vincent Jackowski, Office of Independent Counsel, Washington, DC, for U.S. Attorneys.

MEMORANDUM OPINION AND ORDER
SPORKIN, District Judge.
This matter comes before the Court on the renewed application of A.H. Belo Corporation ("Belo") To Secure Access to Judicial Records. Belo is a Texas-based news organization that seeks access to 26 tapes and transcripts identified by the Office of Independent Counsel ("OIC") as anticipated evidence in its case in chief against former Secretary of Housing Henry G. Cisneros. The tapes and transcripts were the subject of a three-week suppression hearing that began on June 21, 1999. The hearing was open to the public and members of the news media. Neither the tapes nor the transcripts were admitted into evidence during the hearing. Rather, with the consent of Mr. Cisneros and the OIC, the court reviewed the tapes and transcripts in camera prior to deciding the defendant's suppression motion. On July 26, 1999 this Court issued its Memorandum Opinion in which it made a tentative decision to admit certain portions of the tapes and transcripts at trial, should the OIC decide to offer such material as evidence. In its July 26, 1999 opinion this court reserved the right to make a final determination on the authenticity and admissibility of any of the tapes should any party raise the issue again.
On September 7, 1999 Mr. Cisneros pled guilty to a one-count information. The plea obviated the need for a trial and put an end to the majority of issues involved in this case. The one remaining issue to be decided is Belo's pending application for the 26 transcripts and tapes.

ANALYSIS
Belo asserts two independent grounds for access to the 26 tapes and transcripts in support of its motion. First, Belo argues that it has a presumptive right of access to the tapes and transcripts under the common law. Second, it argues the First Amendment guarantee of freedom of the press secures to it a right of access. For the reasons set forth below the court rejects both grounds and denies Belo's application.
Under the common law the media has a limited right of access to "judicial records". The D.C. Circuit has held that the test for determining whether or not a document is a "judicial record" is "the role it plays in the adjudicatory process". United States v. El-Sayegh, 131 F.3d 158, 163 (D.C.Cir.1997). While all documents admitted into evidence or filed with the court are judicial records, Washington Legal Found. v. United States Sentencing Comm'n, 89 F.3d 897, 906 (D.C.Cir.1996) not all material reviewed by a court over the course of the tenure of a case constitutes a judicial record. See United States v. El-Sayegh at 163 (a plea agreement submitted to the court under seal, but withdrawn once negotiations fell through, is not a judicial record subject to the common law right of access).
Belo argues that the court's limited in camera review of the tapes and transcripts automatically converts these documents into judicial records subject to the common law right of access. In light of the specific role the tapes and transcripts played in this court's admissibility ruling, *49 this argument is unpersuasive. The court did not admit any of the tapes or transcripts into evidence during the suppression hearing. Rather, it only reviewed them in camera. Moreover, this court's July 26, 1999 Memorandum Opinion was not a final adjudication on the admissibility of the tapes as it advised the parties that it would revisit the issue at the time of trial should the authenticity of the tapes again become an issue. By reserving its right to determine the ultimate admissibility of the transcripts and tapes until trial no definitive documents had actually been admitted into evidence.
Belo's second ground for access is based on the First Amendment right of freedom of the press. Under the First Amendment the media and the public are guaranteed a right of access to public hearings and to inspect certain documents subject to a two-part test. First, access must have been "historically available". El-Sayegh at 158. Second, access must "serve an important function of monitoring prosecutorial or judicial misconduct". Id.
The three-week suppression hearing was held in open court with members of the press and public free to attend. Open access to the hearing satisfies the interests of the press and the public in ensuring the fairness of the adjudicatory process. However, the right to monitor public hearings does not guarantee a concomitant right to inspect all documents submitted to or reviewed by the court in connection with court proceedings. Rather, the Supreme Court has recognized the important supervisory role reserved for the district court in determining how to balance competing interests including the privacy interests of parties. See Nixon v. Warner Communications, Inc., 435 U.S. 589, 608, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). In this case, where the tapes and the transcripts contain highly sensitive information, the privacy interests of Mr. Cisneros, as well as those of third-parties whose names are mentioned on some of the tapes and transcripts, militate strongly in favor of denying Belo's request. On September 7, 1999, the date Mr. Cisneros was to stand trial, he entered a guilty plea to an Information. Mr. Cisneros had every reason to believe the case would be over at that point.
At argument on September 15, 1999, Mr. Cisneros' counsel acknowledged that one of his client's considerations for pleading guilty was to put an end to adverse detailed information being released about his personal life. This expectation was certainly reasonable. Mr. Cisneros has plead guilty and the case has been completed. The Court can find no public interest in prolonging this matter by ordering the OIC to release evidence in its possession to the public.[1] Mr. Cisneros did not agree to the plea to end formal criminal proceedings with the prospect that he would later be tried in the press for the same crime. While the public's right to be informed is virtually inviolate, there are still certain circumstances where an individual's privacy interest must prevail over those other interests. This is such a case. To put it simply, the Cisneros saga is over and this Court will not permit petitioner to further invade Mr. Cisneros' rights by honoring its request to release the tapes made by Mrs. Medlar.
Accordingly, it is hereby,
ORDERED that the renewed application of A.H. Belo Corporation ("Belo") To Secure Access to Judicial Records is DENIED.
NOTES
[1] The tapes and transcripts in question were returned to the OIC shortly after the Court reviewed them in July 1999. To comply with Belo's request would require the Court to issue an order to the OIC to release the tapes.